IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TAMARA OGIER**, as trustee for the bankruptcy estate of Brittany Dakota Bosley, Case No. 20-70664-SMS,<br><br>       **Plaintiff,**<br><br>   vs.<br><br>**INTERNATIONAL FOLLIES, INC.** d/b/a Cheetah,<br>       **Defendant.** | Civil Action No. _____ |

## COMPLAINT

Bankruptcy trustee Tamara Ogier brings this Fair Labor Standards Act action on behalf of the bankruptcy estate of Debtor Brittany Dakota Bosley against Defendant International Follies, Inc., d/b/a Cheetah, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act ("FLSA") minimum wage action, Plaintiff alleges that Defendant—the former employer of Debtor Bosley—failed to pay Bosley all required minimum wages for her work as an exotic dancer, required Bosley to pay other non-tipped employees out of her own pocket, and permitted a scheme in

1

which Bosley and other dancers paid out kickbacks to other Cheetah employees who controlled significant terms of Plaintiffs' employment and ability to earn tips, all for the ultimate benefit of Defendant.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the Fair Labor Standards Act, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Trustee Ogier ("Plaintiff") is the lawful representative of Debtor Bosley as bankruptcy trustee in Case No. 20-70664-SMS, United States Bankruptcy Court, Northern District of Georgia, Atlanta Division, filed on October 12, 2020.

5.

International Follies, Inc., is a domestic corporation existing under the laws of Georgia.

6.

International Follies, Inc., can be served with process through its registered agent, William M. Hagood, at 887 Spring Street NW, Atlanta, GA 30308.

7.

International Follies, Inc., is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**FLSA Coverage and Employment Relationship**

Defendant International Follies, Inc., owns and operates "Cheetah," an adult entertainment nightclub in Atlanta, Georgia.

8.

Debtor Bosley has worked as an exotic dancer at Cheetah from approximately 2019 through the present.

9.

At all relevant times, Bosley worked 3 to 5 shifts per week.

10.

At all relevant times, Defendant treated Bosley as an employee for tax purposes.

11.

At all relevant times, Defendant compensated Bosley at the rate of $2.13 per hour plus tips.

12.

At all relevant times, Defendant required Bosley to be on the floor by 10:00 PM on any night that she intended to work.

13.

At all relevant times, Defendant required Bosley to perform 6 stage sets per night, once every 45 minutes, for 15 minutes each set.

14.

At all relevant times, Defendant was Bosley's "employer" within the meaning of 29 U.S.C. § 203(d).

15.

Throughout 2019, 2020, and 2021, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Specifically, Defendant has had two or more employees handling or selling alcoholic beverages manufactured outside the State of Georgia and shipped from outside the State of Georgia.

17.

In 2019, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

In 2020, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

In 2021, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 206 (a).

**FLSA Violation**

21.

At all relevant times, Defendant has required Bosley to pay 10% of all tips she received to a bouncer, who then distributes the money among bouncers and disc jockeys.

22.

Bosley also regularly pays so-called "tips" to Cheetah's "house moms."

23.

Cheetah house moms have the authority to permit a dancer to leave her shift early, before completing all required stage rotations.

24.

While tipping the house moms is nominally optional, dancers—including Bosley—perceive that house moms are more likely to permit them to leave their shifts early if they regularly tip them.

25.

Dancers—including Bosley—regularly pay a "referral fee" to bouncers when they "refer" customers to them for more lucrative VIP performances.

26.

Bosley and other dancers believe that if they did not pay the bouncers for sending customers to them for VIP performances, it is likely that the bouncers would not do so in the future and would send customers to other dancers who do tip them.

27.

Neither house moms, DJ's, nor bouncers are customarily tipped employees.

28.

House moms, DJ's, and bouncers all exercise significant supervisory authority over Bosley and other Cheetah dancers.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

29.

At all relevant times Bosley has been an employee of Defendants covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

30.

At all relevant times, Defendant has failed to compensate Bosley at an hourly rate above or equal to the minimum wage.

31.

At all relevant times, Defendant has permitted or required Bosley to pay kickbacks each shift that she worked.

32.

Defendant's practice of permitting or requirement that Bosley pay kickbacks violated the FLSA's requirement that wages be paid "free and clear."

33.

Because Defendant violated the "free and clear" requirement of 29 CFR 531.35 as alleged above, it was not entitled to utilize the FLSA's tip-credit provision with respect to its minimum wage obligations to Bosley.

34.

Plaintiff is entitled to recover all minimum wages that Defendant failed to pay to Bosley during the course of her employment.

35.

Plaintiff is entitled to recover from Defendant all kickbacks that it permitted or required Bosley to pay.

36.

Plaintiff is entitled to recover liquidated damages in an amount equal to Bosley's unpaid minimum wages and kickbacks pursuant to 29 U.S.C. § 216(b).

37.

Defendants are liable to Plaintiff for her litigation costs, including reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That all claims be tried before a jury;
2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid minimum wages and reimbursement of kickbacks, plus an additional like amount in liquidated damages;
3. That Plaintiff be awarded costs of litigation, including reasonable attorney's fees; and
4. For such other and further relief as the Court deems just and proper.

This 14th day of June 2021,

                                              Respectfully submitted,

                                              **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

|  |  |
|---|---|
|  | *s/ Matthew W. Herrington* |
| 3100 Centennial Tower | Charles R. Bridgers |
| 101 Marietta Street | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Matthew W. Herrington |
| (404) 979-3150 | Ga. Bar No. 275411 |
| (404) 979-3170 (f) |  |
| charlesbridgers@dcbflegal.com | Counsel for Plaintiff |
| matthew.herrington@dcbflegal.com |  |