IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| TAMARA OGIER, as trustee for the bankruptcy estate of Brittany Dakota Bosley, Case No. 20-70664-SMS, and BRITTANY DAKOTA BOSLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL FOLLIES, INC. d/b/a Cheetah, <br> Defendant. | <br><br><br><br><br> Civil Action No. 1:21-cv-02421-ELR |

## FIRST AMENDED COMPLAINT

Bankruptcy trustee Tamara Ogier, on behalf of the bankruptcy estate of Debtor

Brittany Dakota Bosley, and Brittany Dakota Bosley on her own behalf, bring this

Fair Labor Standards Act action against Defendant International Follies, Inc., d/b/a

Cheetah, showing the Court as follows:[1]

---

[1] In Plaintiff Ogier's Motion for Leave to Amend [Dkt. 14], Ogier requested that the Court treat the Proposed Amended Complaint as filed on the day the Motion was filed. Instead, in granting the Motion for Leave to Amend, the Court ordered Plaintiffs to file the Amended Complaint within 10 days of the order. [Dkt. 19 at 17–18] The undersigned overlooked that order and mistakenly believed that the Amended Complaint had already been treated as filed. Plaintiffs apologize for their counsel's oversight.

**INTRODUCTION**

1.

In this Fair Labor Standards Act ("FLSA") minimum wage action, Plaintiffs alleges that Defendant—the former employer of Plaintiff Bosley—failed to pay Bosley all required minimum wages for her work as an exotic dancer, required Bosley to pay other non-tipped employees out of her own pocket, and permitted a scheme in which Bosley and other dancers paid out kickbacks to other Cheetah employees who controlled significant terms of Bosley's employment and ability to earn tips, all for the ultimate benefit of Defendant.

2.

Plaintiff Bosley filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia on October 12, 2020, Case No. 20-70664-SMS. Plaintiff Ogier, in her capacity as trustee of Bosley's bankruptcy estates, seeks in this action to recover the amounts owed to Bosley that accrued *before* the filing of Bosley's bankruptcy petition for the benefit of Bosley's creditors. Plaintiff Bosley seeks to recover those amounts owed to her accruing *after* the filing of her bankruptcy petition.

3.

This Amended Complaint moots the Motion to Dismiss filed by Defendant International Follies on July 2, 2021, arguing that Plaintiff lacked standing to pursue Bosley's FLSA claims pre-dating the filing of her bankruptcy. Dkt. 7.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the Fair Labor Standards Act, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Trustee Ogier is the lawful representative of Debtor Bosley as bankruptcy trustee in Case No. 20-70664-SMS, United States Bankruptcy Court, Northern District of Georgia, Atlanta Division, filed on October 12, 2020.

7.

Plaintiff Bosley is a natural person residing in Fulton County, Georgia.

8.

International Follies, Inc., is a domestic corporation existing under the laws of Georgia.

9.

International Follies, Inc., has previously been served in this action.

10.

International Follies, Inc., is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**FLSA Coverage and Employment Relationship**

11.

Defendant International Follies, Inc., owns and operates "Cheetah," an adult entertainment nightclub in Atlanta, Georgia.

12.

Debtor Bosley has worked as an exotic dancer at Cheetah from approximately 2019 through the present.

13.

At all relevant times, Bosley worked 3 to 5 shifts per week.

14.

At all relevant times, Defendant treated Bosley as an employee for tax purposes.

15.

At all relevant times, Defendant compensated Bosley at the rate of $2.13 per hour plus tips.

16.

At all relevant times, Defendant required Bosley to be on the floor by 10:00 PM on any night that she intended to work.

17.

At all relevant times, Defendant required Bosley to perform 6 stage sets per night, once every 45 minutes, for 15 minutes each set.

18.

At all relevant times, Defendant was Bosley's "employer" within the meaning of

29 U.S.C. § 203(d).

19.

Throughout 2019, 2020, and 2021, Defendant had two or more "employees

handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" within the meaning of 29 U.S.C.

§ 203(s)(1)(A).

20.

Specifically, Defendant has had two or more employees handling or selling

alcoholic beverages manufactured outside the State of Georgia and shipped from

outside the State of Georgia.

21.

In 2019, Defendant had an annual gross volume of sales made or business done of

not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

In 2020, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

In 2021, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 206 (a).

**FLSA Violation**

25.

At all relevant times, Defendant has required Bosley to pay 10% of all tips she received to a bouncer, who then distributes the money among bouncers and disc jockeys.

26.

Bosley also regularly pays so-called "tips" to Cheetah's "house moms."

27.

Cheetah house moms have the authority to permit a dancer to leave her shift early, before completing all required stage rotations.

28.

While tipping the house moms is nominally optional, dancers—including Bosley—perceive that house moms are more likely to permit them to leave their shifts early if they regularly tip them.

29.

Dancers—including Bosley—regularly pay a "referral fee" to bouncers when they "refer" customers to them for more lucrative VIP performances.

30.

Bosley and other dancers believe that if they did not pay the bouncers for sending customers to them for VIP performances, it is likely that the bouncers would not do so in the future and would send customers to other dancers who do tip them.

31.

Neither house moms, DJ's, nor bouncers are customarily tipped employees.

32.

House moms, DJ's, and bouncers all exercise significant supervisory authority over Bosley and other Cheetah dancers.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

33.

At all relevant times Bosley has been an employee of Defendants covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

34.

At all relevant times, Defendant has failed to compensate Bosley at an hourly rate above or equal to the minimum wage.

35.

At all relevant times, Defendant has permitted or required Bosley to pay kickbacks each shift that she worked.

36.

Defendant's practice of permitting or requirement that Bosley pay kickbacks violated the FLSA's requirement that wages be paid "free and clear."

37.

Because Defendant violated the "free and clear" requirement of 29 CFR 531.35 as alleged above, it was not entitled to utilize the FLSA's tip-credit provision with respect to its minimum wage obligations to Bosley.

38.

Plaintiff Ogier is entitled to recover all minimum wages that Defendant failed to pay to Bosley during the course of her employment accruing prior to October 12, 2020.

39.

Plaintiff Bosley is entitled to recover all minimum wages that Defendant failed to pay to Bosley during the course of her employment accruing after October 12, 2020.

40.

Plaintiff Ogier is entitled to recover all kickbacks that it permitted or required Bosley to pay during the course of her employment accruing prior to October 12, 2020.

41.

Plaintiff Bosley is entitled to recover all kickbacks that it permitted or required

Bosley to pay during the course of her employment accruing after October 12,

2020.

42.

Plaintiff is entitled to recover liquidated damages in an amount equal to Bosley's

unpaid minimum wages and kickbacks pursuant to 29 U.S.C. § 216(b).

43.

Defendants are liable to Plaintiff for her litigation costs, including reasonable

attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.    That all claims be tried before a jury;

2.    That Plaintiff be awarded an amount to be determined at trial against

       Defendant in unpaid minimum wages and reimbursement of

       kickbacks, plus an additional like amount in liquidated damages;

3.    That Plaintiff be awarded costs of litigation, including reasonable

       attorney's fees; and

4.    For such other and further relief as the Court deems just and proper.

This 30th day of December 2021,

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

_s/ Matthew W. Herrington_
Charles R. Bridgers
Ga. Bar No. 080791
Matthew W. Herrington
Ga. Bar No. 275411

Counsel for Plaintiff